UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. SMITH,<br><br>                                  Petitioner,<br>         v.<br><br>RENEE BAKER, *et al.*,<br><br>                                  Respondents. | Case No. 3:15-cv-00234-MMD-VPC<br><br>ORDER |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Robert A. Smith, a Nevada prisoner. Smith has paid the filing fee. (Dkt. no. 4.)

The Court has reviewed Smith's petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will direct the Clerk of the Court to serve the petition upon the respondents, and will require a response.

The Court will deny Smith's motion for appointment of counsel. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir.1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; see also, Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.  The record in this case reflects that appointment of counsel is not warranted.

1  It is therefore ordered that the Clerk of the Court shall separately file the petition for writ of habeas corpus and the motion for appointment of counsel, both of which are currently attached to the application to proceed *in forma pauperis* (dkt. no. 1).

It is further ordered that petitioner's motion for appointment of counsel is denied.

It is further ordered that the Clerk of the Court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk of the Court shall electronically serve upon respondents a copy of the petition for writ of habeas corpus and a copy of this order.

It is further ordered that the Clerk of the Court shall return to the petitioner a copy of his petition for writ of habeas corpus, with the service upon him of a copy of this order.

It is further ordered that respondents shall have sixty (60) days from the date on which the petition is served upon them to appear in this action, and to answer or otherwise respond to the petition. Respondents shall, in the initial responsive pleading, whether a motion or an answer, raise all potential procedural defenses, including the statute of limitations, lack of exhaustion, and procedural default. If respondents file an answer, petitioner shall thereafter have sixty (60) days to file a reply.

DATED THIS 2nd day of July 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE