UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. SMITH,<br><br>                Petitioner,<br>    v.<br><br>RENEE BAKER, *et al.*,<br><br>                Respondents. | Case No. 3:15-cv-00234-MMD-VPC<br><br>ORDER |

**I.  INTRODUCTION**

In this habeas corpus action, brought by Nevada prisoner Robert A. Smith, the respondents have filed a motion to dismiss. (Dkt. no. 10.) Smith, in turn, has filed a motion for stay of proceedings. (Dkt. no. 14.) The Court will grant the motion to dismiss in part and deny it in part. The Court will deny Smith's motion for stay.

**II.  BACKGROUND**

On December 10, 2007, Smith was charged with one count of attempted murder with the use of a deadly weapon, one count of battery with the use of a deadly weapon, and one count of battery by a prisoner with the use of a deadly weapon. *See* Criminal Complaint, Exh. 2.[1] The criminal complaint was subsequently amended to charge Smith with one count of attempted murder with the use of a deadly weapon with the

---

[1] The exhibits identified by number in this order are those filed by respondents and found in the record at dkt. nos. 11, 12 and 13. Smith's exhibits, found attached to his petition at dkt. no. 7, are identified by letter.

intent to promote, further or assist a criminal gang, one count of battery with the use of a deadly weapon with the intent to promote, further or assist a criminal gang, and one count of battery by a prisoner with the use of a deadly weapon with the intent to promote, further or assist a criminal gang. *See* Amended Criminal Complaint, Exh. 7. The charges against Smith involved a stabbing of an inmate at the Clark County Detention Center on November 15, 2007. *See* Declaration of Warrant/Summons, Exh. 3.

After Smith waived a preliminary hearing (*see* Reporter's Transcript, March 14, 2013, Exh. 13), an information was filed in the state district court, charging Smith with one count of battery by a prisoner with the intent to promote, further or assist a criminal gang. *See* Information, Exh. 16.

On March 28, 2013, Smith entered into a guilty plea agreement, agreeing to plead guilty to the one count of battery by a prisoner with the intent to promote, further or assist a criminal gang. *See* Guilty Plea Agreement, Exh. 18. Consistent with the plea agreement, Smith pled guilty, *see* Recorder's Transcript, Exh. 19, and was convicted of one count of battery by a prisoner with the intent to promote, further or assist a criminal gang. *See* Judgment of Conviction, Exh. 24. Smith was sentenced to two consecutive 28 to 72 month prison terms, both of which are consecutive to the sentence he received in another case. *See id.*

On May 8, 2014, Smith filed, in the state district court, a post-conviction petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 28. The state district court denied that petition in a written order filed October 9, 2014. *See* Findings of Fact, Conclusions of Law and Order, Exh. 38. Smith appealed. *See* Notice of Appeal, Exh. 40. The Nevada Supreme Court affirmed in an order entered on March 17, 2015. *See* Order of Affirmance, Exh. 50.

On July 1, 2015, Smith filed, in the state district court, a motion to withdraw his guilty plea. *See* Post-Conviction Motion to Withdraw Guilty Plea Pursuant to NRS 176.165, Exh. 52. The state district court treated that motion as a second post-

conviction petition for writ of habeas corpus, and denied it on procedural grounds in a written order filed on October 16, 2015. *See* Findings of Fact, Conclusions of Law and Order, attached to Smith's Motion for Leave to File Exhibit. (Dkt. no. 20.)[2] The parties have provided no information regarding any further proceedings in that case.

This Court received Smith's *pro se* federal habeas corpus petition, initiating this case, on April 29, 2015. *See* Petition for Writ of Habeas Corpus. (Dkt. no. 7.)

Respondents filed their motion to dismiss on August 27, 2015. (Dkt. no. 10.) In that motion, respondents assert that Smith's petition includes a claim unexhausted in state court, and that Smith's claims are not cognizable in this federal habeas corpus action to the extent they are based on alleged violations of the Nevada Constitution. *See* Motion to Dismiss. (Dkt. no. 10 at 4-6.) Smith filed an opposition to the motion to dismiss on September 14, 2015. (Dkt. no. 15.) Respondents filed a reply in support of the motion to dismiss on September 21, 2015. (Dkt. no. 17.)[3]

On September 14, 2015, petitioner filed a motion for stay (dkt. no. 14), requesting that, if the Court determines that any claims in his petition are unexhausted in state court, the Court should impose a stay of this action to allow him to exhaust such claims. Respondents filed an opposition to the motion for stay on September 21, 2015. (Dkt. no. 16.) Smith filed a reply on October 1, 2015. (Dkt. no. 19.)

### III.  DISCUSSION

####   A.   Exhaustion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of

///

---

[2] On November 16, 2015, Smith filed a motion for leave to file exhibit (dkt. no. 20), requesting leave of court to file, as an exhibit in support of his opposition to the motion to dismiss, a copy of the state district court order denying his second state habeas petition. Respondents did not respond to that motion. The Court will grant the motion for leave to file exhibit, and considers the exhibit in resolving the motion to dismiss.

[3] On October 1, 2015, Smith filed a motion to strike (dkt. no. 18), requesting that certain arguments made by respondents in their reply be stricken. The Court finds the motion to strike to be without merit, and will deny it.

federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Respondents assert in their motion to dismiss that Smith has not exhausted, in state court, his claim that his counsel was ineffective for failing to inform him that pursuant to Nevada law, any sentence imposed would have to be consecutive to the prison term imposed on Smith in a previous case. *See* Motion to Dismiss at 4-6; *see also* Petition for Writ of Habeas Corpus. (Dkt. no. 7 at 3-3B.)

However, in his first state habeas petition, Smith set forth the following claim, as Ground 2 of that petition:

> Ground Two: Counsel was ineffective violating petitioner's Sixth and Fourteenth Amendment rights to the U.S. Constitution when he failed to disclose that he along with the D.A. Office changed the plea agreement. *Strickland v. Washington*, 466 U.S. 668 (1984).
>
> Supporting Facts…: I was given a plea deal that said all my sentences would run concurrent, and I had a right to a direct appeal, but behind my back my lawyer changed the deal and just out right lied to me, and tricked me into a guilty plea that removed both things. I only wanted to plea guilty if, it ran concurrent and I could appeal.

Petition for Writ of Habeas Corpus (Post Conviction), Exh. 28 at 5 (as in original). Smith appealed from the denial of that claim — in fact, from the denial of all the claims in his state habeas petition — on the entire record in the case.

The Court finds that Smith fairly presented, in state court, the factual and legal basis for the claims that he asserts in this federal habeas corpus action. The Court finds that the claims he makes in his petition in this case are fully exhausted in state court.

1  Respondents' motion to dismiss will be denied to the extent it is grounded on Smith's
2  alleged failure to exhaust a claim in state court.
3      This ruling, finding Smith's habeas petition to be fully exhausted, renders moot
4  Smith's motion for stay (dkt. no. 14), and the motion for stay will be denied on that
5  ground.
6      **B.    Cognizability of State-Law Claims**
7      Respondents next assert that Smith's claims are not cognizable in this federal
8  habeas action to the extent they are based on alleged violations of the Nevada
9  Constitution. *See* Motion to Dismiss at 6; *see also* Petition for Writ of Habeas Corpus.
10  (Dkt. no. 7 at 3.)
11      To the extent that Smith contends that his rights under the Nevada Constitution
12  were violated, his claims are not cognizable on federal habeas review. *See* 28 U.S.C. §
13  2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a
14  federal court is limited to deciding whether a conviction violated the Constitution, laws,
15  or treaties of the United States."); *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("A
16  federally issued writ of habeas corpus, of course, reaches only convictions obtained in
17  violation of some provision of the United States Constitution.").
18      The Court will grant respondents' motion, and will dismiss Smith's claims, to the
19  extent his claims are based on alleged violation of his rights under the Nevada
20  Constitution.
21  **IV.    CONCLUSION**
22      It is therefore ordered that petitioner's Motion for Leave to File Exhibit (dkt. no.
23  20) is granted. In resolving the motion to dismiss, the Court has considered the exhibit
24  attached to petitioner's Motion for Leave to File Exhibit. (Dkt. no. 20.)
25      It is further ordered that petitioner's Motion to Strike (dkt. no. 18) is denied.
26      It is further ordered that respondents' Motion to Dismiss (dkt. no. 10) is granted in
27  part and denied in part. Smith's claims in his petition for writ of habeas corpus in this
28  case (dkt. no. 7) are dismissed to the extent his claims are based on alleged violation of

his rights under the Nevada Constitution. In all other respects, respondents' Motion to Dismiss (dkt. no. 10) is denied.

It is further ordered that petitioner's Motion for Stay (dkt. no. 14) is denied.

It is further ordered that respondents will have sixty (60) days from the entry of this order to file an answer responding to the remaining claims in the petition for writ of habeas corpus. (Dkt. no. 7.) Thereafter, petitioner will have sixty (60) days to file a reply.

DATED THIS 2nd day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE