1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

8
9

ROBERT A. SMITH,

Petitioner,

v.

Case No. 3:15-cv-00234-MMD-VPC

ORDER

10
11

RENEE BAKER, *et al.*,

12

Respondents.

13

14      In this habeas corpus action, Nevada prisoner Robert A. Smith, the petitioner, is

15  due to file his reply by April 29, 2016. *See* Order entered January 22, 2016 (dkt. no. 25).

16      On February 4, 2016, Smith filed a "Motion for Court Order," in which he requests

17  that the Court "grant a court order instructing [Ely State Prison (ESP)] officials [to] assist

18  in the return of Mr. Smith's legal documents from inmate Cross." Motion for Court Order

19  (dkt. no. 27) at 2. As the Court understands Smith's motion, he gave certain materials to

20  Anthony Cross, who is also a prisoner at ESP, so that Cross could assist him with this

21  case, and now he wishes to have Cross return those documents to him so that he, or

22  another prisoner assisting him, may use the documents in drafting his reply. *See id.* at

23  1-2. In support of the motion, Smith attaches what appear to be copies of written

24  requests he made to unnamed prison officers regarding his desire to have his legal

25  documents returned from Cross. *See id.* at 5-6. There is no indication that the requests

26  have been resolved. The Court will deny Smith's motion.

27      "[T]he fundamental constitutional right of access to the courts requires prison

28  authorities to assist inmates with the preparation and filing of meaningful legal papers

by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also Lewis v. Casey,* 518 U.S. 343, 346 (1996). To show a violation of his constitutional right of access to the courts, a prisoner must establish that he suffered an actual injury. *Lewis*, 518 U.S. 348. "Actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Id.* (citation and internal quotation marks omitted). There is no showing that the difficulty Smith has allegedly had with respect to retrieving his legal documents from Cross has approached the level of a violation of his constitutional right of access to the courts.

Moreover, federal courts are reticent to micro-manage state prison officers' decisions regarding the day-to-day handling of prison administration. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment.... Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." *Sandin v. Conner*, 515 U.S. 472, 482 (1995). In *Procunier v. Martinez*, 416 U.S. 396 (1974), overruled in part on other grounds, *Thornburgh v. Abbott*, 490 U.S. 401 (1989), the Supreme Court explained this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

1   *Procunier*, 416 U.S. at 404-05 (footnote omitted). The Court will deny Smith's motion.

2   The Court will, however, direct the Clerk of the Court to send Smith copies of his

3   habeas petition and respondents' answer, and the Court will *sua sponte* extend the time

4   for Smith to file his reply.

5          It is therefore ordered that petitioner's Motion for Court Order (dkt. no. 27) is

6   denied.

7          It is further ordered that the Clerk of the Court send to petitioner, along with a

8   copy of this order, copies of his petition for writ of habeas corpus (dkt. no. 7) and

9   respondents' answer (dkt. no. 24).

10         It is further ordered that the time for petitioner to file a reply to respondents'

11  answer is extended to June 10, 2016.

12

13         DATED THIS 2nd day of March 2016.

14

15         _____

        MIRANDA M. DU
16      UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28