UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT A. SMITH,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:15-cv-00234-MMD-VPC<br><br>ORDER |

I. **INTRODUCTION**

　　　This action is a petition for writ of habeas corpus by Robert A. Smith, a Nevada prisoner. The action is before the Court with respect to the merits of the remaining portion of the one claim in Smith's habeas petition. The Court will deny Smith's petition.

II. **BACKGROUND**

　　　The criminal conviction that Smith challenges in this case was the result of a stabbing of a prisoner at the Clark County Detention Center (CCDC), in Las Vegas. *See* Declaration of Warrant/Summons, Exh. 3, ECF No. 11-3; Recorder's Transcript, Exh. 19, ECF No. 11-19 (The exhibits identified by number in this order are those filed by respondents and found in the record at ECF nos. 11, 12 and 13.). On November 15, 2007, Smith, then an inmate at the CCDC, stabbed another CCDC inmate in the neck with a three to four inch metal object that he had concealed in his pants. *See Declaration of Warrant/Summons, Exh. 3, ECF No. 11-3; Recorder's Transcript, Exh. 19, ECF No. 11-19. According to an investigating officer, the stabbing was captured on

1

video, and the video clearly showed Smith committing the stabbing. *See* Declaration of Warrant/Summons, Exh. 3, ECF No. 11-3. The investigating officer also reported that the day after the stabbing, when interviewed by a corrections officer, Smith admitted to stabbing the other inmate, and said that he did so because the other inmate was in a particular gang, and Smith was in another. *See id.*

On December 10, 2007, Smith was charged in a Las Vegas justice court with one count of attempted murder with the use of a deadly weapon, one count of battery with the use of a deadly weapon, and one count of battery by a prisoner with the use of a deadly weapon. *See* Criminal Complaint, Exh. 2, ECF No. 11-2. The criminal complaint was subsequently amended to charge Smith with one count of attempted murder with the use of a deadly weapon with the intent to promote, further or assist a criminal gang, one count of battery with the use of a deadly weapon with the intent to promote, further or assist a criminal gang, and one count of battery by a prisoner with the use of a deadly weapon with the intent to promote, further or assist a criminal gang. *See* Amended Criminal Complaint, Exh. 7, ECF No. 11-7.

After Smith waived a preliminary hearing (*see* Reporter's Transcript, March 14, 2013, Exh. 13, ECF No. 11-13), an information was filed in the state district court, charging Smith with one count of battery by a prisoner with the intent to promote, further or assist a criminal gang (*see* Information, Exh. 16, ECF No. 11-16), and Smith entered into a guilty plea agreement, agreeing to plead guilty to that charge. *See* Guilty Plea Agreement, Exh. 18, ECF No. 11-18. Consistent with the plea agreement, Smith pled guilty (*see* Recorder's Transcript, Exh. 19, ECF No. 11-19), and was convicted of the one count of battery by a prisoner with the intent to promote, further or assist a criminal gang. *See* Judgment of Conviction, Exh. 24, ECF No. 12-4. Smith was sentenced to two consecutive 28 to 72 month prison terms, which run consecutive to prison sentences he received on a conviction of second degree murder with use of a deadly weapon in a separate case. *See id.*

/ / /

On May 8, 2014, Smith filed a post-conviction petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 28, ECF No. 12-8. The state district court denied the petition in a written order filed on October 9, 2014. *See* Findings of Fact, Conclusions of Law and Order, Exh. 38, ECF No. 12-18. Smith appealed. *See* Notice of Appeal, Exh. 40, ECF No. 12-20. The Nevada Court of Appeals affirmed in an order entered on March 17, 2015. *See* Order of Affirmance, Exh. 50, ECF No. 13-10.

On July 1, 2015, Smith filed, in the state district court, a motion to withdraw his guilty plea. *See* Post-Conviction Motion to Withdraw Guilty Plea Pursuant to NRS 176.165, Exh. 52, ECF No. 13-12. The state district court treated that motion as a second post-conviction petition for writ of habeas corpus, and denied it on procedural grounds in a written order filed on October 16, 2015. *See* Findings of Fact, Conclusions of Law and Order, attached to Smith's Motion for Leave to File Exh., filed November 16, 2015, ECF No. 20-1. Smith informs the Court that the Nevada Court of Appeals has affirmed that ruling. *See* Reply to Respondents' Opposition to Motion for Leave to File Supplemental Traverse, ECF No. 33, at 6.

This Court received Smith's *pro se* federal habeas corpus petition, initiating this case, on April 29, 2015. *See* Petition for Writ of Habeas Corpus, ECF No. 7.

Respondents filed a motion to dismiss on August 27, 2015, asserting that the one claim in Smith's petition was not exhausted in state court, and that Smith's claim is not cognizable in this federal habeas corpus action to the extent based on alleged violation of the Nevada Constitution. *See* Motion to Dismiss, ECF No. 10. On December 2, 2015, the Court granted the motion to dismiss in part, and denied it in part, ruling that Smith's claim was exhausted in state court, but that it is not cognizable in this federal habeas action to the extent it is based on alleged violation of the Nevada Constitution. *See* Order entered December 2, 2015, ECF No. 21. The Court dismissed Smith's claim to the extent it is based on alleged violation of his rights under the Nevada Constitution. *See id*.

On January 12, 2016, respondents filed an answer. *See* Answer, ECF No. 24. Smith filed a reply on April 6, 2016. *See* Reply, ECF No. 30.

On May 26, 2016, Smith filed a Motion for Leave to File Supplemental Traverse, with his proposed Supplemental Traverse attached. *See* Motion for Leave to File Supplemental Traverse, ECF No. 31; Supplemental Traverse, ECF No. 31-1. Respondents filed an opposition to that motion on June 1, 2016. *See* Opposition to Motion for Leave to File Supplemental Traverse, ECF No. 32. Smith filed a reply in support of his motion on June 15, 2016, ECF No. 33. The Court will grant Smith's motion, and will consider, with respect to the merits of Smith's petition, the argument he makes in his supplemental traverse, as well as the arguments made by both Smith and respondents in the briefing of Smith's motion for leave to file the supplemental traverse.

**III.   DISCUSSION**

**A.   Standard of Review**

28 U.S.C. § 2254(d) sets forth the primary standard of review applicable in this case under the Antiterrorism and Effective Death Penalty Act (AEDPA):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

4

Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

The Supreme Court has instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has stated "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer*, 538 U.S. at 75); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing standard as "a difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt" (internal quotation marks and citations omitted)).

### B.  Smith's Claim of Ineffective Assistance of Counsel

In the remaining portion of the one claim in his petition for writ of habeas corpus, Smith claims that his federal constitutional rights were violated, as a result of ineffective assistance of counsel, because his counsel led him to believe that his sentence would run concurrently with the sentence he received in a separate case on a conviction of second degree murder with use of a deadly weapon. *See* Petition for Writ of Habeas Corpus, ECF No. 7, at 3-3B. The Court understands Smith to allege that his counsel and the prosecutor changed the terms of the plea agreement, in this regard, after he

1 had agreed to it, without notifying him of the change. *See id*.

2 Smith asserted such a claim in his state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 28, at 5 (ECF No. 12-8, at. 6). The state district court ruled as follows:

> 6. Defendant's claim that counsel changed the terms of the negotiation he agreed to is a bare allegation, and, therefore, is insufficient to warrant relief.
>
> 7. Defendant's guilty plea was entered into knowingly, intelligently, and voluntarily. Defendant signed a GPA after consulting with his attorney, and Defendant was adequately canvassed before the court accepted his guilty plea. Guilty Plea Agreement at 1-5; RT March 28, 2013, at 1-4. On March 28, 2013, the Court also thoroughly canvassed Defendant.
>
> \* \* \*
>
> 9. Defendant did not receive ineffective assistance of counsel.

Findings of Fact, Conclusions of Law and Order, Exh. 38, at 3 (ECF No. 12-18, at. 4). On appeal, the Nevada Court of Appeals affirmed, ruling as follows on this claim:

> … [A]ppellant claimed that counsel was ineffective for failing to disclose that he and the District Attorney's Office had changed the plea negotiations to which appellant had agreed. However, the record reveals that appellant signed the guilty plea agreement after consulting with counsel and the district court adequately canvassed appellant on his decision to plead guilty. During the plea canvass, appellant expressly acknowledged that the "[n]egotiations are the defendant is going to enter a guilty plea to battery by prisoner with intent to promote, further, or assist a criminal gang. State has agreed that they're going to retain the right to argue at time of sentencing." This record belies appellant's claim that the plea negotiations were secretly changed.

Order of Affirmance, Exh. 50, at 2-3 (ECF No. 13-10, at 3-4).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two prong test for analysis of claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation

6

was within the "wide range" of reasonable professional assistance. *Id.* at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Where a state court has adjudicated a claim of ineffective assistance of counsel, under *Strickland*, establishing that the decision was unreasonable under AEDPA is especially difficult. *See Harrington*, 562 U.S. at 104-05. In *Harrington*, the Supreme Court instructed:

> The standards created by *Strickland* and § 2254(d) are both highly deferential, [*Strickland*, 466 U.S. at 689]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994-95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied *Strickland* to cases involving guilty pleas. To show prejudice, a petitioner who pled guilty must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Hill*, 474 U.S. at 59.

The Nevada courts' ruling, denying Smith's claim of ineffective assistance of counsel was not objectively unreasonable.

/ / /

7

There is no evidence, beyond Smith's bald allegation, that his attorney ever advised him that he would -- or even could (*see* NRS 176.035(3) (requiring a consecutive sentence when a person under sentence of imprisonment commits another felony) -- receive a prison sentence concurrent to the one he was already serving for second degree murder.

Attached to Smith's habeas petition are documents indicating that Smith did, in 2012, wish for a sentence imposed in this case to run concurrently with his active sentence. *See* Exhs. D, E, and F, attached to Petition for Writ of Habeas Corpus, ECF No. 7, at 30-40 (letters to Justice Court, and defense counsel expressing such wish). While those letters may indicate that Smith at one time wished for his sentence to run concurrently with the sentences he was already serving, they do not indicate what advice he received from his counsel.

Smith also attached to his habeas petition a guilty plea agreement, dated December 20, 2012, which was filed in the justice court, and which included the following provision:

> My appearance will be waived at the February 13, 2013 hearing, my attorney has authorization to appear at court and enter a plea on my behalf. My decision to plead Guilty is based upon the plea agreement in this case which is as follows:
>
> The Defendant to plead Guilty to the charge of Battery by a Prisoner with the Intent to Promote, Further or Assist a Criminal Gang, the State retains the right to argue, but will not oppose running this case concurrent to all of the cases that he is currently serving.

Exh. G attached to Petition for Writ of Habeas Corpus, ECF No. 7, at 42. That plea agreement was signed by Smith and his counsel, but was not signed by a prosecutor. Moreover, that plea agreement did not say that the State agreed that Smith's new sentence would be, or could be, concurrent to his existing sentences; it only stated that the State would not oppose as much.

Most importantly, by the time that Smith reached an agreement with the prosecution regarding his plea, and entered a written plea agreement with the State, the above-quoted language was removed. *See* Exh. 18 (ECF No. 11-18). The plea

1 agreement dated March 28, 2013, signed by Smith and by the prosecutor, included no
2 provision suggesting that Smith's new sentence would be, or could be, concurrent to his
3 existing sentences. *See id.* There is no evidence in the record that the change -- as
4 Smith characterizes the difference between the December 20, 2012, and March 28,
5 2013, agreements -- was made without Smith's knowledge. Certainly, the change was
6 plain on the face of the March, 28, 2013, plea agreement that Smith signed.

   The March 28, 2013, plea agreement stated:

> The State has agreed to retain the full right to argue at sentencing.
>
> *  *  *
>
> I have not been promised or guaranteed any particular sentence by anyone. I know that my sentence is to be determined by the Court within the limits prescribed by statute.
>
> I understand that if my attorney or the State of Nevada or both recommend any specific punishment to the Court, the Court is not obligated to accept the recommendation.
>
> *  *  *
>
> I am signing this agreement voluntarily, after consultation with my attorney, and I am not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this agreement.

Guilty Plea Agreement, Exh. 18, at 1, 3, 5 (ECF No. 11-18, at 2, 4, 6).

   At the hearing in the state district court at which the guilty plea agreement was discussed, the following exchange occurred:

> [DEFENSE COUNSEL]: … Negotiations are the defendant is going to enter a guilty plea to battery by prisoner with the intent to promote, further, or assist a criminal gang. State has agreed that they're going to retain the right to argue at time of sentencing.
>
> [PROSECUTOR]: That's correct.
>
> THE COURT: Mr. Smith, is that your understanding of the negotiations?
>
> THE DEFENDANT: Yes, sir.

Recorder's Transcript, March 28, 2013, Exh. 19, at 2 (ECF No. 11-19, at 3). This acknowledgement by Smith belies his claim that the plea agreement was secretly changed without his knowledge.

Furthermore, at the March 28, 2013, hearing, the following exchange occurred:

> THE COURT: Do you understand that sentencing is strictly up to the Court and that no one can promise you probation, leniency, or special treatment?
>
> THE DEFENDANT: Oh, yes, that's correct.
>
> THE COURT: I hold in my hand the original guilty plea agreement. Did you read your guilty plea agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand your guilty plea agreement?
>
> THE DEFENDANT: Yeah, I understand it fully.
>
> THE COURT: Was your attorney present to answer any questions you may have had about your guilty plea agreement?
>
> THE DEFENDANT: He answered all of them.
>
> THE COURT: I'm showing you page five of this agreement and ask you is that your signature?
>
> THE DEFENDANT: Yes, sir, that's my signature.
>
> THE COURT: Did you sign this guilty plea agreement to show that you understand and approve of its terms?
>
> THE DEFENDANT: That's why I signed it.

*Id.* at 3-4 (ECF No. 11-19, at 4-5).

Smith's acknowledgement that he read and understood the plea agreement that he signed, which written plea agreement included no provision that his new sentence would be concurrent with his active sentence, and which stated that the State retained the right to argue at sentencing, contradicts his allegation that his attorney misled him. Smith makes no showing that his counsel's performance was objectively unreasonable.

Moreover, with respect to the question of prejudice, Smith does not show a reasonable probability that, but for any alleged deficiency in his counsel's performance, he would not have pled guilty and would have insisted on going to trial. *See Hill*, 474

U.S. at 59. Every indication is that there was overwhelming evidence against Smith (*see* Declaration of Warrant/Summons, Exh. 3, ECF No. 11-3), and that Smith wished to plead guilty, whether or not the guilty plea agreement specified that his new sentence would be concurrent with his active sentence.

Affording the state court ruling the deference it is due, this Court determines that the Nevada courts' denial of relief on this claim of ineffective assistance of counsel was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, and was not based on an unreasonable determination of the facts in light of the evidence presented. The Court will deny Smith federal habeas corpus relief.

**C.   Certificate of Appealability**

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

Applying this standard, the court finds that a certificate of appealability is not warranted in this case.

It is therefore ordered that petitioner's Motion for Leave to File Supplemental Traverse, ECF No. 31, is granted. The Court considers, with respect to the merits of Smith's petition, the argument he makes in his supplemental traverse, as well as the arguments made by both Smith and the respondents in their briefing of Smith's motion

1  for leave to file the supplemental traverse.

2  It is further ordered that the petition for writ of habeas corpus (ECF No. 7) is
3  denied.

4  It is further ordered that petitioner is denied a certificate of appealability.

5  It is further ordered that the Clerk of the Court is to enter judgment accordingly.

6  DATED THIS 29th day of August, 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE